# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

**UNITED STATES OF AMERICA**                                                                         **PLAINTIFF**

**v.**                         **Case No. 4:14-cr-00080-04 KGB**

**BRENT CHARLES LILE**                                                                  **DEFENDANT**

## ORDER

Before this Court is defendant Brent Charles Lile's motion for early termination of supervised probation (Dkt. No. 207). The United States of America filed a response opposing Mr. Lile's motion (Dkt. No. 210). The Court denies without prejudice Mr. Lile's motion.

On April 2, 2014, the Grand Jury for the Eastern District of Arkansas returned an Indictment charging Mr. Lile with conspiracy to distribute oxycodone (Dkt. No. 3). On February 9, 2015, Mr. Lile entered a plea of guilty to the conspiracy (Dkt. Nos. 123, 124, 125). On June 17, 2015, Mr. Lile was sentenced to five years of probation, 200 hours of community service, a $5,000 fine, and a $100 special assessment (Dkt. No. 177). The judgment was filed on June 22, 2015 (Dkt. No. 180). On June 2, 2016, Mr. Lile filed a motion for early termination of his probation (Dkt. No. 207).

Pursuant to 18 U.S.C. § 3564(c), the Court, "after considering the factors set forth in section 3553(a), to the extent they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant . . . at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." Here, Mr. Lile filed his motion prior to the expiration of one year of probation. Therefore, Mr. Lile was not eligible for early termination at

the time he filed his motion.  In addition, Mr. Lile's probation officer indicates that, at the time Mr. Lile filed his motion, he had completed only 85 of the 200 hours of community service this Court required him to complete as a part of his sentence.

At this point, Mr. Lile has completed almost 17 months of his 60 month sentence. Continued supervision by the United States Probation Office provides punishment for the serious drug offense committed by Mr. Lile, deters criminal conduct, promotes respect for the law, and increases the likelihood that Mr. Lile will maintain his sobriety.  This Court acknowledges that Mr. Lile contends he has paid the special assessment and fine, continues to work towards completing his community service hours, and has been gainfully employed since April 2014. However, outside of complying with the terms of his sentence, Mr. Lile fails to point to any reason why his early termination would serve the interests of justice.

Mere compliance with the terms of probation does not justify early termination because compliance is expected. Without more, and based on the facts of this particular case, early termination at this point cannot be justified.  *United States v. Kattom*, No. 4:06-CR-00053-06 JLH, at 1 (E.D. Ark. Nov. 10, 2009) (citing *United States v. Caruso*, 241 F.Supp.2d 466, 469 (D. N.J. 2003)).  Mr. Lile received a significant benefit by the plea agreement and this Court's decision to allow him to receive probation instead of a prison sentence.  While Mr. Lile has made progress on completing the terms of his sentence, he has not made substantial progress such that the interests of justice support early termination.  Therefore, this Court denies without prejudice Mr. Lile's motion for early termination (Dkt. No. 207).

It is so ordered this 22nd day of November, 2016.

_____
Kristine G. Baker
United States District Judge